**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUSTIN RIDER, | No. 19-16117 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-02633-RFB-BNW |
| v. | |
| DAVID TRISTAN; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted September 8, 2020**

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Defendants appeal the district court's order denying summary judgment on

Counts I and II of plaintiff Justin Rider's 42 U.S.C. § 1983 action arising from his

pretrial detention.  We have jurisdiction over this interlocutory appeal under 28

U.S.C. § 1291.  *Plumhoff v. Rickard*, 572 U.S. 765, 771-73 (2014).  We review de

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the district court's summary judgment and qualified immunity determinations. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017). We affirm.

The district court properly concluded that, resolving all factual disputes and drawing all reasonable inferences in Rider's favor, defendants Tristan, Neven, Fiero, and Nash are not entitled to qualified immunity on Rider's due process claim (Count II of the second amended complaint) because Rider's right to periodic review, notice of hearings, and an opportunity to be heard was clearly established, and every reasonable official would have known that housing Rider in administrative segregation for nineteen months without meaningful review of his placement would violate the Fourteenth Amendment. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (discussing qualified immunity; explaining that a clearly established right "is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right" and existing precedent must have placed the constitutional question beyond debate); *Bell v. Wolfish*, 441 U.S. 520, 535-40 (1979) (discussing constitutionality of conditions or restrictions implicating pretrial detainee's due process rights); *see also Sandin v. Conner*, 515 U.S. 472, 482-83 (1995) (inmates in administrative segregation are entitled to due process protections consisting of periodic review, notice of hearings, and an opportunity to be heard); *Brown v. Or. Dep't of Corr.*,

19-16117

751 F.3d 983, 989-90 (9th Cir. 2014) ("[L]engthy confinement without meaningful review may constitute atypical and significant hardship[.]").

To the extent defendants challenge the district court's denial of reconsideration as to the denial of summary judgment on Count II, the district court did not abuse its discretion because defendants failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for reconsideration under Rule 60(b)).

We lack jurisdiction to consider defendants' interlocutory appeal of the denial of summary judgment on Rider's Sixth Amendment claim against defendants in their official capacities (Count I), because the record reflects that the district court determined that "[a] genuine dispute of material fact remains as to whether . . . HDSP policy violated Plaintiff's right to self-representation." *See George v. Morris*, 736 F.3d 829, 834-36 (9th Cir. 2013) (explaining limited scope of review of an interlocutory appeal involving denial of qualified immunity). Accordingly, we also lack jurisdiction to consider the district court's denial of reconsideration as to the denial of summary judgment on Count I. *See Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990) (denial of reconsideration of non-appealable order is itself not appealable).

We do not consider defendants' mootness argument raised for the first time

on appeal.  *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**